IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: TRANSPERFECT GLOBAL, INC. | ) |
| | ) |
| | ) |
| | ) |
| ELIZABETH ELTING, | ) |
|          Petitioner, | ) |
| | ) |
|    v. | ) |
| | )        ___ Civ. ___ |
| PHILIP R. SHAWE and SHIRLEY SHAWE, | ) |
|          Respondents | ) |
| | ) |
|    and | ) |
| | ) |
| TRANSPERFECT GLOBAL, INC., | ) |
|          Nominal Party. | ) |
| | ) |

## NOTICE OF REMOVAL

1.      Pursuant to 28 U.S.C. §§ 1441(a), 1446, Fed R. Civ. P. 81(c), and L.R. 81.1, Philip Shawe, derivatively on behalf of Wordfast, LLC ("Wordfast"), hereby gives notice of removal of the above-captioned proceeding served on Wordfast on October 26, 2017 in the Delaware Court of Chancery, C.A. No. 9700-CB, C.A. No. 10449-CB, with respect to the severable proceeding commenced within said proceeding by Transperfect Global, Inc ("TPG"), the real Plaintiff-in-interest, against Wordfast, LLC ("Wordfast"), the real Defendant-in-interest, for determination of rights between them concerning the scope of a copyright license, and for grounds therefor states as follows:

2.      Removal of the proceeding between TPG and Wordfast is based on the exclusive federal court jurisdiction over any claims for relief relating to copyrights, pursuant to 28 U.S.C. § 1338, and the complete preemption doctrine, as TPG's claims for relief against Wordfast are properly characterized as claims related to copyrights and as arising under the Copyright Act,

17 U.S.C. §§ 101, *et seq.*; *see* 17 U.S.C. § 301(a),[1] as well as pursuant to federal question

jurisdiction, 28 U.S.C. § 1331.  For these reasons, the removed claims could originally have been

brought in federal court (and in fact could only have been brought in federal court), and therefore

are appropriate for removal under 28 U.S.C. § 1441(a).

3.      Plaintiff ("Petitioner" below) Elizabeth Elting ("Elting") resides in New York,

New York, is a 50% owner of TPG, and is a 50% owner of Wordfast.

4.      Defendant ("Respondent" below) Philip R. Shawe ("Shawe") resides in New

York, New York and Florida, is a 49% owner of TPG, and a 50% owner of Wordfast.

5.      Defendant ("Respondent" below) Shirley Shawe ("Ms. Shawe") resides in West

Palm Beach, Florida, and is a 1% owner of TPG.

6.      TPG ("Nominal Party" below) is the real Plaintiff-in-interest in the proceeding

commenced by TPG against Wordfast for determination of the scope of a license to Wordfast's

copyrighted software.  TPG is a Delaware corporation, with its principal place of business in

New York, New York.

7.      Wordfast is the real Defendant-in-interest in this proceeding brought against it by

TPG.  Wordfast is a Delaware limited liability company, with its principal place of business in

New York, New York.

8.      To the extent necessary, Defendants Philip R. Shawe and Shirley Shawe consent

to the removal of this proceeding by TPG against Wordfast pursuant to 28 U.S.C.

---

[1]  17 U.S.C. § 301(a), the preemption section of the Copyright Act, provides:
> On and after January 1, 1978, all legal or equitable rights that are equivalent to any
> of the exclusive rights within the general scope of copyright as specified by section
> 106 in works of authorship that are fixed in a tangible medium of expression and
> come within the subject matter of copyright as specified by sections 102 and 103,
> whether created before or after that date and whether published or unpublished, are
> governed exclusively by this title. Thereafter, no person is entitled to any such right
> or equivalent right in any such work under the common law or statutes of any State.

§ 1446(b)(2)(C).  A true and accurate copy of their written consent is attached hereto as Exhibit A.

9.      The underlying proceeding in the Delaware Court of Chancery ("Chancery Court") was commenced by Elting against Shawe and Ms. Shawe in May 2014, in which, *inter alia*, Elting sought to have the Chancery Court order the sale of TPG (the "Underlying Proceeding"). The Chancery Court granted Elting the relief she sought, ordering the owners' shares of TPG stock transferred to the winning bidder at an auction process run by a court-appointed custodian, Robert Pincus ("Pincus"), who was also appointed as an interim director of TPG empowered to break deadlocks between Elting and Shawe, the two directors of TPG.

10.     Until recently, the Custodian never addressed TPG's rights to use Wordfast's software, despite the fact that hundreds of TPG employees use the software in the course of TPG's business.  In addition, TPG creates derivative works for its own use, including without limitation the GlobalLink software, and resells both the Wordfast software and derivative works to third parties.

11.     Instead of TPG commencing an original declaratory judgment proceeding against Wordfast to determine its rights, on September 27, 2017, TPG, acting through Pincus, purported to commence a proceeding against Wordfast by filing in the Underlying Proceeding "Custodian's Application to Join An Indispensable Party," namely Wordfast, and "The Custodian's Application for Declaratory Relief."

12.     The cover page of the Custodian's Application to Join An Indispensable Party is attached hereto as Exhibit B.  As the cover page indicates, the document was filed under seal, even though, upon information and belief, none of the information contained therein was confidential.

13.     The cover page of the Custodian's Application for Declaratory Relief is attached

hereto as Exhibit C.  As the cover page indicates, the document was filed under seal, even

though, upon information and belief, none of the information contained therein was confidential.

14.     The latter Application requested that the Chancery Court determine the scope of

TPG's rights with respect to Wordfast's copyrighted software, despite the fact that said rights

can only be determined by resolving issues that relate to copyrights, which arise under the

Copyright Act, matters within the exclusive jurisdiction of the federal courts.  The Chancery

Court characterized the relief requested by the Custodian as follows:

> So the proposed order that the custodian is seeking has three paragraphs.
> Paragraph 1 says, "TPG and/or its subsidiaries hold an implied license to use any and all
> software and source code owned by a Delaware limited liability company called
> Wordfast, LLC and provided to TPG and/or its subsidiaries prior to the closing of any
> sale transaction approved by the Court under the July 18, 2016 sale order ...."
>
> The second paragraph says, "The implied license is: (a) nonexclusive, (b)
> irrevocable, and (c) royalty-free."
>
> And the third paragraph says, "TPG and/or its subsidiaries will retain the same
> implied license (which is non-exclusive, irrevocable, and royalty-free) after the closing of
> any sale transaction approved by the Court under the Sale Order."
>
> Now, as I've indicated in some prior letters, it is undisputed in this case that there
> is an implied license and that it's nonexclusive. And I have certainly focused on the fact
> that the evidentiary hearing needs to consider whether that license is irrevocable and
> whether it's royalty free, which really is the focus of paragraph 2 that then carries
> forward into paragraph 3.[2]

---

[2]  See Exhibit D (Transcript of Teleconference Regarding Proposed Scheduling Order,
November 3, 2017, at 5-6).  The Chancery Court thereafter ordered a schedule leading up to an
evidentiary hearing, stating, "WHEREAS, the Court stated at oral argument on October 25, 2017
that the evidentiary hearing would be limited to whether an implied license from Wordfast, LLC
to TransPerfect is (i) irrevocable and/or (ii) royalty-free (the "Hearing Topics")," and that "the
Hearing Topics shall include the declaration sought in paragraph 3 of the Custodian's proposed
form of declaratory relief to the extent that subject matter is not already encompassed by
paragraph 2 thereof."  Ex. E (Chancery Court Order dated November 3, 2017, at 2&7).

15.     On October 11, 2017, Philip Shawe, derivatively on behalf of Wordfast, LLC, filed a Verified Derivative Action Complaint in the United States District Court for the Southern District of New York against TPG, as Defendant, and Wordfast as nominal defendant, *Shawe, derivatively on behalf of Wordfast, LLC v. TransPerfect Global, Inc.,* Civil Action No. 17-cv-07827 (S.D.N.Y.).  A true and accurate copy of the Complaint is attached hereto as Exhibit F. The Complaint alleges several claims for relief against TPG arising under the federal courts' exclusive jurisdiction under the Copyright Act, including for infringement of a registered copyright; for a declaratory judgment as to copyright authorship and ownership; for a declaratory judgment as to the scope of a copyright license between Wordfast and TPG (the same claim that TPG has purported to characterize as a state law claim in the Chancery Court); and for a declaratory judgment as to copyright infringement.

16.     On October 24, 2017, without service upon or an appearance by Wordfast, the Chancery Court determined that Wordfast – which had never previously been named as a party or served with any papers in the state court proceedings – was a "necessary party" under Del. R. Civ. P. 19 in the Underlying Proceeding.

17.     On October 26, 2017, the above-referenced order, the Custodian's Application to Join An Indispensable Party, the Custodian's Application for Declaratory Relief, and supporting papers were served upon Wordfast's registered agent in Delaware.  The Return of Service and Custodian's Notice of Service are attached hereto as Exhibit G and H, respectively.

18.     October 26, 2017 was the first time papers of any sort were served on Wordfast in the Underlying Proceeding, so this removal is timely under 28 U.S.C. § 1446(b)(1) and/or (b)(3).

19.     On October 30, 2017, Shawe moved to intervene in the Underlying Proceeding derivatively on behalf of Wordfast.  That motion was denied on November 12, 2017, by an order

stating in part, "Neither Shawe nor Elting have the right to speak unilaterally for Wordfast given

that its LLC Agreement requires Shawe and Elting to act jointly to take action on its behalf and,

given this operating structure, it would not be appropriate to authorize Shawe (or Elting) to act

derivatively on Wordfast's behalf.  At this time, there is no apparent need for Wordfast to have

its own counsel."  The Chancery Court did not apply the correct standard for intervention, as

Elting's decision to waste Wordfast's most valuable assets by failing to oppose the Custodian's

claim to a perpetual, transferable royalty-free license of Wordfast's copyrighted software on

behalf of TPG is a breach of her fiduciary duties to Wordfast and entitles Shawe to step in and

act derivatively on behalf of all of Wordfast's members to preserve Wordfast's assets.  In any

event, the Chancery Court's ruling on intervention is not binding on this Court, which is

empowered to dissolve or modify orders entered prior to removal.  28 U.S.C. § 1450.  It is proper

for Shawe derivatively on behalf of Wordfast to file this Notice of Removal, including for the

reasons set forth in Paragraphs 40-49 of the Complaint filed in the Southern District of New

York, incorporated herein by reference.  Ex. F, at pp. 7-9.

     20.     The claim for declaratory relief brought by TPG against Wordfast in the

Underlying Proceeding concerning TPG's rights in Wordfast's copyrighted software is

completely preempted by section 301(a) of the Copyright Act.  Pursuant to the complete

preemption doctrine, consistently applied to authorize removal pursuant to the Copyright Act,

purported state law claims are removable to the federal courts when the federal statute (here the

Copyright Act), provides exclusive federal jurisdiction, and where the state law claim is properly

characterized as one arising under the federal statute creating exclusive federal jurisdiction.

*Beneficial National Bank v. Anderson,* 539 U.S. 1 (2003).

21.     Claims arising under the Copyright Act are within the exclusive jurisdiction of the federal courts.  *Merchant v. Levy,* 92 F.3d. 51, 55 (2d Cir. 1996) ("Federal Courts have exclusive original jurisdiction over actions arising under the federal copyright laws"); 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights").  In addition, the Copyright Act expressly preempts "all legal and equitable rights that are equivalent to any of the exclusive rights" provided to copyright owners by 17 U.S.C. § 106, including the rights to copy, distribute and creative derivative works of protected copyrightable expression. 17 U.S.C. § 301;  *Briarpatch, L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304-05 (2d Cir. 2004) (applying complete preemption doctrine to the Copyright Act).  Many other courts have come to this conclusion, applying the complete preemption doctrine to copyright claims.[3]  Additionally, multiple District Courts within the Third Circuit have applied the reasoning in *Briarpatch* to copyright claims and/or expressly accepted the complete preemption doctrine as applied to copyright claims.[4]

---

[3]  *E.g., Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993) (applying complete preemption doctrine to Copyright Act before *Beneficial National Bank*); *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705-06 (5th Cir. 2012) ("There is increasing authority for the proposition that § 301(a) of the Copyright Act completely preempts the substantive field"); *Ritchie v. Williams*, 395 F.3d 283, 286-88 (6th Cir. 2005) (finding contract claims preempted by Copyright Act where assertion was that defendant exceeded scope of contractual grant); *see also Santa-Rosa v. Combo Records,* 471 F.3d 224 (1st Cir. 2005) (citing *Briarpatch and* finding contract rescission count preempted by Copyright Act); *Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F. 3d 859, 864 (11th Cir. 2008) (observing that the majority of courts to have addressed the issue have found that the complete preemption doctrine applies to the Copyright Act).

[4]  *E.g., Tanksley v. Daniels,* 2017 U.S. Dist. LEXIS 64651 at*57-61 (E.D. Pa., April 28, 2017) (applying *Briarpatch* analysis to copyright claims); *78th Infantry Div. v. Oprendek*, 2011 U.S. Dist. LEXIS 140014 (D.N.J., August 4, 2011) (applying complete preemption doctrine to copyright claims and refusing to remand matter to state court); *Tegg Corp. v. Beckstrom Elec. Co.,* 650 F. Supp. 2d 413, 421 (W.D. Pa. 2008) (citing *Briarpatch* for proposition that  claims "functionally equivalent" to copyright counts are preempted); *Daley v. Firetree, Ltd.,* 2006 U.S. Dist. LEXIS 4061 at *5 (M.D. Pa., Jan. 19, 2006) (same).

22.     For the avoidance of doubt, this Notice of Removal seeks to remove only those claims that TPG, through the Custodian, is asserting against Wordfast, which are set forth in the Custodian's Application to Join An Indispensable Party and the Custodian's Application for Declaratory Relief.  These claims are readily severable from the Underlying Action, and their removal will not delay or otherwise impede the sale of TPG in the Chancery Court.


Dated: November 15, 2017

                                                    **COGGINS LAW LLC**

OF COUNSEL:                                         */s/ Christopher M. Coggins*
                                                    Christopher M. Coggins (No. 4785)
Julia Huston                                        1007 N. Orange Street, 4th Floor
David A. Kluft                                      Wilmington, DE 19801
**FOLEY HOAG LLP**                                  (302) 307-6905
Seaport West
155 Seaport Boulevard                               *Attorneys for Philip Shawe, derivatively on behalf of*
Boston, MA 02210                                    *Wordfast, LLC, Real Defendant-in-Interest*
(617) 832-1000


Peter A. Sullivan
**FOLEY HOAG LLP**
1540 Broadway, 23rd Floor
New York NY 10036
(646) 927.5500

B4762996.4