

Christopher M. Coggins
**Coggins Law** LLC
1007 N. Orange Street, 4th Floor
Wilmington, Delaware 19801
ccoggins@cogginslawfirm.com
302.307.6905

November 26, 2017

**VIA CM/ECF FILING**

The Honorable Mary Pat Thynge
Chief Magistrate Judge
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 8, Room 2124
Wilmington, Delaware 19801

    Re:    *In re: TransPerfect Global, Inc., et al.*, 17-cv-7827 **(Request for Stay of Proceedings in Case Removed from the Delaware Court of Chancery)**

Dear Judge Thynge:

    I represent Philip R. Shawe derivatively on behalf of Wordfast, LLC in the above-referenced matter. I write to respond to the letter to Your Honor dated November 24, 2017, from Jennifer Voss as counsel for the Custodian for TransPerfect Global, Inc. ("TPG") (D.I. 8).

    As Ms. Voss notes, my prior request for a stay of all proceedings on behalf of Mr. Shawe (by letter dated November 22, 2017) (D.I. 7) was based on obligations created by the settlement with the Custodian, and the Custodian on behalf of TPG expressly agrees to the requested stay, which is the only matter before the Court at this time.

    Despite the parties' agreement as to the stay sought, Ms. Voss filed a 5-page letter to persuade the Court to adopt a needlessly detailed form of order that contains no fewer than 22 "whereas" clauses, most of which have little or no relation to the agreed request for a stay, and which are unnecessary if not also inappropriate. Mr. Shawe disagrees with many of the characterizations set forth in Ms. Voss's letter and the proposed order enclosed therewith. The Court should decline to engage in fact-finding on an uncontested motion for a stay. Mr. Shawe particularly objects to Ms. Voss's statements regarding his ability to represent Wordfast on a derivative basis, an issue not before the Court at this time, and a matter for this Court to examine *de novo* should the need arise (which would only occur in the event of termination of the settlement without a Closing). A proper form of Order is

enclosed for the Court's consideration. The enclosed form of Order encompasses the relief agreed upon by the parties, which was taken verbatim from the proposed order submitted by Ms. Voss.

Mr. Shawe reserves all rights if the settlement is terminated without a Closing, and there is a need to proceed further before this Court, including his position that the state court was wholly without jurisdiction to address the copyright dispute between the parties, both before or after removal to this Court, and that any purported rulings or comments on this matter, including after the Notice of Removal, are void and without effect.

Thank you for your attention to this matter. I am available at the Court's convenience to address the Court's questions.

Respectfully,

Christopher M. Coggins (No. 4785)

CMC/cmc

encl.

cc: Jennifer C. Voss, Esquire (via CM/ECF filing)
    Jeremy D. Eicher, Esquire (via CM/ECF)
    David L. Finger, Esquire (via CM/ECF)
    Peter B. Ladig, Esquire (via CM/ECF)
    Brett M. McCartney, Esquire (via CM/ECF)
    Kevin R. Shannon, Esquire (via CM/ECF)
    Jaclyn C. Levy, Esquire (via CM/ECF)
    Berton W. Ashman, Jr., Esquire (via CM/ECF)
    Christopher N. Kelly, Esquire (via CM/ECF)